ORIGINAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**



UNITED STATES OF AMERICA

v.

SANDRA VILLERS (01)
KEDRICK HAWKINS (02)
JULIE SICA (03)

Criminal No.  3:16-CR-078-B
**(Supersedes Indictment returned on March 22, 2016)**

### SECOND SUPERSEDING INDICTMENT

The Grand Jury Charges:

#### Introduction

At all times material to this indictment:

1.      "Spice" is a common street term referring to a smokeable organic plant leaf that is laced with a synthetic cannabinoid, which is often a controlled substance or controlled substance analogue.  In an effort to perpetuate an illusion of legality surrounding their distribution of "spice," individuals market and sell these products as "herbal incense," "potpourri," or "aroma therapy products," to the general public, claiming these products are "not for human consumption."

2.      The United States Food and Drug Administration ("FDA") is the federal agency of the United States charged with protecting the health and safety of the American public by ensuring that drugs sold to the public are safe and effective for their intended uses and that the drugs bear labeling that enables consumers to use them in a safe manner.  The FDA's responsibilities include regulating the manufacturing, labeling, and distribution of drugs shipped or received in interstate commerce.

3.     To legally introduce, deliver for introduction, or cause the delivery or introduction for delivery of a drug into interstate commerce, all persons are required to comply with all applicable provisions of the federal Food, Drug and Cosmetic Act ("FDCA") and its implementing regulations found in Title 21 of the United States Code.

4.     Under the FDCA, drugs are defined as, among other things, articles intended for use in the cure, mitigation, treatment or prevention of disease in people; articles (other than food) intended to affect the structure or function of the human body; and articles intended for use as components of drugs. The FDCA prohibits the introduction of misbranded drugs into interstate commerce.

5.     A drug is misbranded unless its labeling bears adequate directions for all intended uses under 21 U.S.C. § 352(f). Drugs that lack any directions for use are misbranded per se. A drug is also misbranded if its labeling is false or misleading in any particular way under 21 U.S.C. § 352(a). False assertions in labeling accompanying products during importation can also render a drug misbranded.

6.     It is a violation of 21 U.S.C. § 331(a) to cause the introduction and delivery for introduction into interstate commerce any drug that is adulterated and misbranded

<u>Count One</u>
Conspiracy to Defraud the United States
(Violation of 18 U.S.C. § 371)

7.     The allegations in paragraphs 1 – 6 are incorporated by reference as if fully

rewritten herein.

8.     From at least on or about April 17, 2015, and continuing until on or about

December 6, 2015, within the Northern District of Texas and elsewhere, the defendants

**Sandra Villers, Kedrick Hawkins, Julie Sica**, and others did knowingly conspire,

confederate, and agree with others known and unknown to the Grand Jury to defraud the

United States Food and Drug Administration (FDA), an agency of the United States, for

the purpose of impeding, impairing, obstructing, and defeating their lawful governmental

functions of regulating drug labeling and approving new drugs, before introduction into

interstate commerce; and to commit certain offenses against the United States, that is to

violate 21 U.S.C. §§ 331 and 333(a)(2) by introducing or delivering an adulterated or

misbranded drug into interstate commerce with the intent to defraud or mislead.

**<u>Manner and Means of the Conspiracy</u>**

9.     As part of the conspiracy to defraud, the defendants possessed, marketed,

distributed, and sold substances containing synthetic cannabinoids such as AB-

CHIMINACA in the Northern District of Texas and elsewhere.

10.     It was further part of the conspiracy to defraud that **Julie Sica** would

contact customers, over the phone, to negotiate the purchase and shipment of synthetic

cannabinoids, which are defined as "drugs" under the FDCA.  These synthetic

cannabinoids were marketed and sold to customers as "incense," "potpourri," "air

freshener," or "aroma therapy products," and "not for human consumption," when in fact they were intended for human consumption as a drug.

**Overt Acts of the Conspiracy**

11.    To effect the object of the conspiracy, the defendants and others performed overt acts in the Northern District of Texas and elsewhere, including but not limited to the following acts:

a.  From at least on or about April 17, 2015, through December 6, 2015, **Julie Sica** distributed hundreds of pounds of synthetic cannabinoid based products (i.e. "spice") to **Sandra Villers** and **Kedrick Hawkins**, via multiple FedEx shipments from Florida to locations in the Northern District of Texas; these shipments contained "spice" labeled as "Mad Hatter," "White Tiger," and "AK-47" with the materially false labeling such as: "this product does not contain any prohibited ingredients," "potpourri," "incense," and "not for human consumption."

b.  From at least on or about April 17, 2015, through December 6, 2015, **Sandra Villers** and **Kedrick Hawkins** would distribute the "spice" Julie Sica shipped to them to the general public, via two smoke shops located in the Dallas area.

Count Two
Conspiracy to Commit Mail Fraud
(Violation of 18 U.S.C. § 1349)

13.     The allegations in paragraphs 1 – 6 are incorporated by reference as if fully rewritten herein.

### The Purpose of the Scheme and Artifice

14.     The defendants **Sandra Villers**, **Kedrick Hawkins**, **Julie Sica**, and others known and unknown to the Grand Jury, devised and intended to devise a scheme and artifice to defraud customers of smoke shops in the Northern District of Texas, and ultimately the general public, by obtaining money by means of materially false and fraudulent pretenses and representations.

### The Scheme and Artifice to Defraud

15.     It was part of the scheme and artifice to defraud that **Julie Sica** would contact **Kedrick Hawkins**, the owner of Puff, Puff, Pass and Vap Nation smoke shops located in the Northern District of Texas, to negotiate the sale of synthetic cannabinoids (a.k.a. "spice").  Upon making a sale, **Julie Sica** would ship the "spice" to Puff, Puff, Pass and Vap Nation, via **Sandra Villers**, using the U.S. mail, the United Parcel Service (UPS), or FedEx.

16.     It was further part of the scheme and artifice to defraud that **Julie Sica** marketed the "spice" as "incense," "potpourri," "air freshener," or "aroma therapy products," when in fact these substances were misbranded drugs intended for human consumption, and often times contained controlled substances or controlled substance analogues.

## The Conspiracy to Commit Mail Fraud

17.    Beginning at least on or about the April 17, 2015, and continuing to on or about December 6, 2015, in the Northern District of Texas, and elsewhere, the defendants **Sandra Villers**, **Kedrick Hawkins**, and **Julie Sica** knowingly and intentionally combined, conspired and agreed with others, both known and unknown to the Grand Jury, to commit mail fraud, that is, having devised and intended to devise a scheme and artifice to defraud customers of Puff, Puff, Pass and Vap Nation, and ultimately the general public, by marketing and distributing misbranded drugs to obtain money by means of materially false and fraudulent pretenses and representations from Puff, Puff, Pass and Vap Nation customers, that is, false pretenses and representations that the synthetic cannabinoid products sold by the defendant were "incense," "potpourri," "air freshener," or "aroma therapy products," and "not for human consumption," when in truth and fact these substances were synthetic cannabinoids that contained substances such as AB-CHIMINACA; that were misbranded substances intended for human consumption as a drug, and for the purpose of executing such scheme and artifice, cause the synthetic cannabinoid products to be sent or delivered by commercial interstate carrier, all contrary to the provisions of 18 U.S.C. § 1341.

18.    All in violation of 18 U.S.C. § 1349.

Count Three
Conspiracy to Distribute a Controlled Substance
(Violation of 21 U.S.C. § 846)

19.     Beginning in or about the year 2013, the exact date unknown to the Grand

Jury, and continuing through on or about December 6, 2015, in the Northern District of

Texas and elsewhere, defendants **Sandra Villers**, **Kedrick Hawkins**, and **Julie Sica** did

conspire with individuals known and unknown to the grand jury, to knowingly and

intentionally distribute mixtures or substances containing detectable amounts of a

Schedule I controlled substance, to wit: AB-CHIMINACA, a violation of 21 U.S.C. §

841(a)(1) and (b)(1)(C).

20.     All in violation of 21 U.S.C. § 846, the penalty for which is set forth in 21

U.S.C. §§ 841(a)(1) and (b)(1)(C).

Penalty Enhancement
(Violation of 18 U.S.C. § 3147(1))

21.     The defendant, **Julie Sica**, was on pretrial release, pursuant to an order

dated March 6, 2014, signed by United States Magistrate Judge Thomas G. Wilson, in

Middle District of Florida cause number 8:14-MJ-1132TGW, which order notified Julie

Sica of the potential effect of committing an offense while on pretrial release.  Thereafter,

from at least April 17, 2015, and continuing through on or about December 6, 2015, the

defendant committed the following offenses:

      a.   Conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, as
          alleged in Count One;

      b.   Conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, as
          alleged in Count Two; and

      c.   Conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §
          846, as alleged in Count Three.

22.     All in violation of 18 U.S.C. § 3147(1).

### Forfeiture Notice
### (21 U.S.C. § 853(a))

Upon conviction for the offense alleged in Count Two of this indictment and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendants, **Sandra Villers**, **Kedrick Hawkins**, and **Julie Sica** shall forfeit to the United States of America all property, real or personal, constituting, or derived from, the proceeds obtained, directly or indirectly, as the result of the offense.

Upon conviction for the offenses alleged in Count Three of this indictment and pursuant to 21 U.S.C. § 853(a), the defendants, **Sandra Villers**, **Kedrick Hawkins**, and **Julie Sica,** shall forfeit to the United States of America all property, real or personal, constituting, or derived from, the proceeds obtained, directly or indirectly, as the result of the offense; and any property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense.  This includes, but is not limited to, the following:

1. The proceeds obtained as a result of the offense in Count Two, in the form of a money judgment; and

2. The proceeds obtained as a result of the offense in Count Three, in the form of a money judgment

A TRUE BILL.


FOREPERSON


JOHN R. PARKER
UNITED STATES ATTORNEY


BRIAN D. POE
Assistant United States Attorney
Northern District of Texas
Texas State Bar No.  24056908
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone:   817-252-5200
Facsimile:    817-252-5455
E-mail:        brian.poe@usdoj.gov

**Second Superseding Indictment – Page 10**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

SANDRA VILLERS (01)
KEDRICK HAWKINS (02)
JULIE SICA (03)

SECOND SUPERSEDING INDICTMENT

18 U.S.C. § 371
Conspiracy to Defraud the United States

18 U.S.C. § 1349
Conspiracy to Commit Mail Fraud

21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(C))
Conspiracy to Distribute a Controlled Substance

21 U.S.C. § 853(a)
Forfeiture Notice

3 Counts

A true bill rendered

-------------------------------------------------------------------------

DALLAS                                                          FOREPERSON

Filed in open court this 3rd day of May, 2016.

-------------------------------------------------------------------------

**No Warrant Needed**

-------------------------------------------------------------------------

UNITED STATES MAGISTRATE JUDGE
Criminal Court Number:   3:16-CR-078-N