IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 3:16-CR-78-N |
| KEDRICK HAWKINS (02) | |

FACTUAL RESUME

I. PLEA

The defendant, Kedrick Cortez Hawkins, is pleading guilty to Count Three of the Second Superseding Indictment, which charges the defendant with conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846.

II. PENALTIES

The maximum penalties the Court can impose include:

a. imprisonment for not more than 20 years;

b. a fine not to exceed $1,000,000.00, or twice the pecuniary gain to the defendant or loss to the victim(s), or both such fine and imprisonment;

c. a term of supervised release of at least three years, which is mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the Court may revoke such release term and require that the defendant serve any or all of such term as an additional period of confinement. The effect of a revocation of a term of supervised release is to make the overall period of incarceration longer;

d. a mandatory special assessment of $100;

e. restitution to victims or to the community, which may be mandatory under the law;

f. costs of incarceration and supervision; and

g. forfeiture of property.

## III. ELEMENTS OF THE OFFENSE

In order to prove the offense alleged in Count Three of the Second Superseding Indictment, that is, conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846, the government must prove each of the following elements beyond a reasonable doubt:

*First:* That two or more persons, directly or indirectly, reached an agreement to distribute a controlled substances, namely: AB-CHIMINACA;

*Second:* That the defendant knew the unlawful purpose of the agreement; and

*Third:* That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

## IV. STIPULATED FACTS

The defendant, Kedrick "Cortez" Hawkins, stipulates and agrees that on April 17, 2015, he met with Julie Sica at a hotel in the Northern District of Texas to discuss the distribution of "spice." From at least 2013 through November 2015, Sica intentionally and knowingly shipped through the mail misbranded drugs (i.e. "spice") from Florida to Hawkins in the Northern District of Texas for Hawkins to distribute through his smoke shops.

Hawkins stipulates that he and Sica, directly or indirectly, reached an agreement to distribute the Schedule I controlled substance AB-CHIMINACA, which was found to be contained in the "spice" Sica and Hawkins agreed to distribute. Hawkins stipulates that he knew the unlawful purpose of the agreement and that he joined in the agreement

willfully, that is, with the intent to further its unlawful purpose.

For purposes of relevant conduct, the government and defendant stipulate and agree that the total drug quantity that the defendant should be held accountable for is approximately 13 kilograms of a mixture and substance containing a detectable amount of AB-CHIMINACA, a Schedule I controlled substance.

Hawkins further stipulates that the substance AB-CHIMINACA is considered to be a synthetic cannabinoid. ~~When compared to the substances specifically listed in Section 2D1.1 of the United States Sentencing Commission Guidelines Manual (November 1, 2015 edition), these synthetic cannabinoids are pharmacologically most closely related to delta 9-tetrahydrocannabinol (THC). Furthermore, these synthetic cannabinoids are at least as potent, if not more potent than THC and would support a potency ratio of 1:1 to THC for purposes of sentencing.~~

AGREED TO AND SIGNED this 19th day of July, 2016.

JOHN R. PARKER
United States Attorney

X _Kedrick Hawk_
KEDRICK CORTEZ HAWKINS
Defendant

BRIAN D. POE
Assistant United States Attorney

MICHAEL J. TODD
Attorney for Defendant

for ALEX LEWIS
Deputy Criminal Chief

Factual Resume - Page 3 of 3