IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 3:16-CR-78-B |
| JULIE SICA (03) | |

FACTUAL RESUME

I.   PLEA

The defendant, Julie Sica, is pleading guilty to a two-count Superseding Information, which charges her with conspiracy to distribute a controlled substance, in violation of 18 U.S.C. § 371, and Using a Communication Facility to Facilitate a Drug Felony, in violation of 21 U.S.C. § 843.

II.  PENALTIES

The maximum penalties the Court can impose include:

    a. Count One

        i. imprisonment for a period of not more than 5 years;

        ii. a fine not to exceed $250,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

        iii. a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If Sica violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

        iv. a mandatory special assessment of $100.00;

        v. restitution to victims or to the community, which is be mandatory under the law, and which Sica agrees may include restitution

    arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

  vi. costs of incarceration and supervision.

 b. <u>Count Two</u>

  i. imprisonment for a period of not more than 4 years;

  ii. a fine not to exceed $250,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

  iii. a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If Sica violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

  iv. a mandatory special assessment of $100.00;

  v. restitution to victims or to the community, which is be mandatory under the law, and which Sica agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

  vi. costs of incarceration and supervision.

III. <u>ELEMENTS OF THE OFFENSE</u>

In order to prove the offense alleged in Count One of the Superseding Information, that is, conspiracy to distribute a controlled substance in violation of 18 U.S.C. § 371, the government must prove each of the following elements beyond a reasonable doubt:

*First:* That two or more persons, directly or indirectly, reached an agreement to distribute a controlled substance, namely: AB-CHIMINACA;

*Second:* That the defendant knew the unlawful purpose of the agreement; and

*Third:* That the defendant joined in the agreement willfully, that is, with

**Factual Resume - Page 2 of 4**

the intent to further its unlawful purpose.

In order to prove the offense alleged in Count Two of the Superseding Information, that is, Using a Communication Facility to Facilitate a Drug Felony in violation of 21 U.S.C. § 843, the government must prove each of the following elements beyond a reasonable doubt:

*First:* That the defendant knowingly or intentionally used a "communication facility" as charged; and

*Second:* That the defendant used the "communication facility" with the intent to facilitate the commission of the felony offense of conspiracy to distribute a controlled substance, as charged in Count One.

## IV. STIPULATED FACTS

The defendant, Julie Sica, stipulates and agrees that on April 17, 2015, following her guilty plea (case no. 3:13-CR-278-D) at the federal courthouse in Dallas, Texas, she met with Kedrick "Cortez" Hawkins at a hotel in the Northern District of Texas to discuss the distribution of "spice." From at least April 2015 through November 2015, Sica intentionally and knowingly shipped through the mail misbranded drugs (i.e. "spice") from Florida to Hawkins in the Northern District of Texas for Hawkins to distribute through his smoke shops. To facilitate these shipments of "spice" to Hawkins, Sica would use her cell phone, a "communication facility," to communicate with Hawkins.

Sica stipulates that she and Hawkins, directly or indirectly, reached an agreement to distribute the Schedule I controlled substance AB-CHIMINACA, which was found to be contained in the "spice" Sica and Hawkins agreed to distribute. Sica stipulates that

she knew the unlawful purpose of the agreement and that she joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

Lastly, Sica stipulates that the substance AB-CHIMINACA is considered to be a synthetic cannabinoid. When compared to the substances specifically listed in Section 2D1.1 of the United States Sentencing Commission Guidelines Manual (November 1, 2015 edition), these synthetic cannabinoids are pharmacologically most closely related to delta 9-tetrahydrocannabinol (THC). Furthermore, these synthetic cannabinoids are at least as potent, if not more potent than THC and would support a potency ratio of 1:1 to THC for purposes of sentencing.

AGREED TO AND SIGNED this __4__ day of __November__, 2016.

_____
JULIE SICA
Defendant

_____
ROBIN McCARTY
Attorney for Defendant

**Factual Resume - Page 4 of 4**